Filed 8/10/16 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT et al., <br><br>    Plaintiffs and Appellants, <br><br>v. <br><br>BAY AREA AIR QUALITY MANAGEMENT DISTRICT, <br><br>    Defendant and Respondent; <br><br>KINDER MORGAN MATERIAL SERVICES, LLC et al., <br><br>    Real Parties in Interest and Respondents; <br><br>TESORO REFINING & MARKETING COMPANY LLC, <br><br>    Intervener and Respondent. | A143634 <br><br>(San Francisco County Super. Ct. No. CPF14513557) <br><br>ORDER MODIFYING OPINION IN PART AND DENYING IN PART, (NO CHANGE IN JUDGMENT) |

BY THE COURT:

The opinion in the above-entitled matter filed on July 19, 2016, is modified by deleting the first sentence of the third paragraph under I. FACTUAL AND PROCEDURAL BACKGROUND and replacing it with the following:

At Kinder Morgan's request, BAAQMD later modified two conditions of the Authority to Construct:  in October 2013, it modified the emissions-monitoring requirements, and in December 2013, it required that the crude oil be transloaded to a different type of tanker truck.

The balance of the request for modification is denied.

The modification does not change the appellate judgment.  (Cal. Rules of Court, rule 8.264(c)(2).)

_____P.J.

1

Trial Court:                                 San Francisco County Superior Court

Trial Judge:                                 Honorable Peter J. Busch

Counsel for Appellants:                      Kristen L. Boyles and Stacey P. Geis
                                             Earthjustice

Counsel for Respondent                       Brian C. Bunger
Bay Area Air Quality Management
District:

Counsel for  Real Parties in Interest and    Paul D. Fogel, John L. Smith, and Brian A.
Respondents Kinder Morgan Material           Sutherland
Services and Kinder Morgan Energy            Reed Smith
Partners:

Counsel for Intervener and Respondent        Craig J. de Recat and Benjamin G. Shatz
Tesoro Refining & Marketing Company:         Manatt, Phelps & Phillips

Filed 7/19/16 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT et al., | |
|     Plaintiffs and Appellants, | A143634 |
| v. | (San Francisco County Super. Ct. No. CPF14513557) |
| BAY AREA AIR QUALITY MANAGEMENT DISTRICT, | |
|     Defendant and Respondent; | |
| KINDER MORGAN MATERIAL SERVICES, LLC et al., | |
|     Real Parties in Interest, Defendants, and Respondents; | |
| TESORO REFINING & MARKETING COMPANY LLC, | |
|     Intervener and Respondent. | |

Communities for a Better Environment, Asian Pacific Environmental Network, Sierra Club, and Natural Resources Defense Council (collectively, CBE) filed a petition for writ of mandate and a complaint under the California Environmental Quality Act (CEQA) after respondent Bay Area Air Quality Management District (BAAQMD) determined that its approval for a Richmond rail-to-truck facility to transload crude oil instead of ethanol was "ministerial" and exempt from CEQA review. The trial court dismissed the petition and complaint without leave to amend, concluding that the suit was

1

time-barred under Public Resources Code[1] section 21167, subdivision (d) (section 21167(d)).

The only issue on appeal is whether CBE can successfully amend its petition and complaint to allege that the action is timely by virtue of the discovery rule. In the typical case, the discovery rule postpones the accrual of an action from the date an injury occurs until the date the plaintiff has actual or constructive notice of the facts constituting the injury. CBE claims that it should be allowed to rely on the discovery rule here because it could not have learned about BAAQMD's determination any earlier, as BAAQMD gave no "public notice" of it and "the project itself [was] hidden from the public eye." But an action to challenge such a determination accrues not at the time of the determination but instead on one of three alternative dates set forth in section 21167(d), dates on which the the public is deemed to have constructive notice of the potential CEQA violation. The discovery rule has never been applied to postpone the accrual of an action beyond the date the plaintiff has constructive notice of an injury, and we decline to so apply it here. We therefore affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts may be summarized briefly.[2] Respondent Kinder Morgan Material Services, LLC (Kinder Morgan) began operating an ethanol rail-to-truck transloading facility in Richmond around 2009. In February 2013, Kinder Morgan applied to BAAQMD for approval to alter the facility and begin transloading Bakken

---

[1] All further statutory references are to the Public Resources Code unless otherwise noted.

[2] As discussed further below, BAAQMD moved for judgment under Code of Civil Procedure 1094, which permitted the trial court to consider the administrative record. The remaining respondents filed demurrers, which required the court to assume that CBE's factual allegations were true. (*Leyte-Vidal v. Semel* (2013) 220 Cal.App.4th 1001, 1007.) The facts are drawn from both the operative pleading and the administrative record, as none of the parties suggest we should distinguish between the motion for judgment and the demurrers in determining whether the action was properly dismissed.

2

crude oil. According to CBE, Bakken crude oil is "highly volatile and explosive" and "[t]he range of significant adverse environmental impacts of Kinder Morgan's operation includes a high risk to public health and safety from derailment, significant increases in toxic air contaminants, potential contamination of California's precious waterways (that support entire ecosystems), and significant increases in greenhouse gas emissions."

Upon determining that the project was "ministerial" and not subject to CEQA review, BAAQMD authorized Kinder Morgan to begin transloading crude oil by issuing a permit in July 2013 called an Authority to Construct. BAAQMD concedes that it did not issue an optional notice of exemption (NOE) that would have publicly announced its determination that the project was exempt from CEQA review. (See §§ 21152, subd. (b), 21167, subd. (d).) Kinder Morgan began transloading crude oil in mid-September 2013.

At Kinder Morgan's request, BAAQMD later modified two conditions of the Authority to Construct: in October 2013, it weakened the emissions-monitoring requirements, and in December 2013, it required that the crude oil be transloaded to a different type of tanker truck. In February 2014, BAAQMD issued Kinder Morgan a Permit to Operate that incorporated the modified conditions.

On March 27, 2014, CBE filed a petition for writ of mandate against BAAQMD and a complaint for declaratory and injunctive relief against BAAQMD, Kinder Morgan, and Kinder Morgan's parent company, Kinder Morgan Energy Partners, L.P.[3] CBE alleged that (1) BAAQMD's approval of the operational change at the transloading facility was not ministerial and (2) an environmental impact report (EIR) was required because there was a fair argument that the change would have a significant impact on the environment.

Respondents sought dismissal of the action as time-barred under section 21167(d) because it was filed more than 180 days after "the date of the public agency's decision to carry out or approve the project"—the July 2013 issuance of the Authority to Construct.

---

[3] The trial court granted leave to intervene to Tesoro Refining & Marketing Company LLC, which represented that it "ha[d] an exclusive right to [Kinder Morgan's] crude oil transloading services" at the Richmond facility.

3

BAAQMD answered the petition for writ of mandate and complaint and moved for judgment under Code of Civil Procedure section 1094, which applies to a petition for peremptory writ of mandate that "presents no triable issue of fact or is based solely on an administrative record," and the remaining respondents demurred to the complaint.

CBE opposed the motion for judgment and the demurrers. As relevant here, it argued that even if the July 2013 Authority to Construct would have otherwise triggered the statute of limitations, the trial court should apply the discovery rule to conclude that the limitations period did not begin to run until CBE "first became aware of Kinder Morgan's operation" on January 31, 2014, when one of CBE's staff members received an email disclosing that the Richmond facility had begun transloading crude oil.[4] CBE maintained that it did not learn, and could not with reasonable diligence have learned, of the project any earlier, because BAAQMD "gave the public no notice of Kinder Morgan's switch to . . . Bakken crude oil" and "Kinder Morgan's transloading operation is entirely enclosed, making the transported commodity, and any change to it, invisible."

After a hearing, the trial court granted the motion for judgment and sustained the demurrers without leave to amend. The court first determined that CBE's pleading was time-barred on its face because the July 2013 Authority to Construct triggered the statute of limitations despite the later changes in conditions. The court then turned to whether it should grant CBE leave to amend so it could "plead the facts . . . it believes establish that it brought the claim within 180 days of discovering . . . what [it] believe[s] to have been the violations of CEQA." The court concluded that "there is not a discovery escape provision or exception" to section 21167(d). It reasoned that the Legislature must have "contemplate[d] circumstances where the public wouldn't know" about the decision to find a project exempt from CEQA, because the filing of an NOE is "entirely optional" and section 21167(d) is not limited to situations "where one by observation [can] tell that the [agency's] approval has been given" or that a project has commenced. Thus, the

---

[4] CBE also contended below that the 180-day limitations period began to run when the Permit to Operate was issued in February 2014, but it abandons that position on appeal.

4

court found that CBE could not amend its pleading to avoid the statute of limitations by alleging that it was unaware of the project until January 2014.

II.

DISCUSSION

A. *General Legal Standards.*

1. The applicable law under CEQA.

"CEQA reflects the California state policy that 'the long-term protection of the environment, consistent with the provision of a decent home and suitable living environment for every Californian, shall be the guiding criterion in public decisions.' (§ 21001, subd. (d).)" (*Parker Shattuck Neighbors v. Berkeley City Council* (2013) 222 Cal.App.4th 768, 776.) To determine whether CEQA applies to a proposed activity, a public agency must first assess whether the activity qualifies as a " 'project' " because it " 'may have a significant effect on the environment.' " (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1320.) The next step is to determine whether any of CEQA's statutory exemptions apply. (*Ibid.*) Among these exemptions is one for projects subject to an agency's approval that are deemed " '[m]inisterial' " because they "involve[] little or no judgment or discretion by the approving official about the wisdom or manner of carrying out the project[.]" (*Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 512, quoting § 21080, subd. (b)(1).) "If the project is in an exempt category for which there is no exception, ' "no further environmental review is necessary." ' " (*Parker Shattuck*, at p. 776.)

Where, as here, a local agency has determined that CEQA does not apply to a project because of a statutory exemption, there are three possible dates on which an action to challenge that determination can accrue. (§ 21167(d).) First, if the agency files an NOE under section 21152, subdivision (b), the action must be brought within 35 days of the NOE's filing. (§ 21167(d).) Second, "[i]f the [NOE] has not been filed," the action must be brought within 180 days of the "agency's decision to carry out or approve the project." (*Ibid.*) Finally, "if a project is undertaken without a formal decision by

5

the . . . agency," the action must be brought within 180 days of "commencement of the project." (*Ibid.*)

### 2. The discovery rule.

The "discovery rule" is an exception to the general rule that "a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.) The rule, which " 'may be expressed by the Legislature or implied by the courts' " (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1318), "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox*, at p. 807.) "Thus, in actions where the rule applies, the limitations period does not accrue until the aggrieved party has notice," either actual or constructive, "of the facts constituting the injury." (*E-Fab*, at p. 1318.)

### 3. The standard of review.

Whether the statute of limitations bars an action, including whether accrual of the action was delayed under the discovery rule, is normally a question of fact. (*E-Fab, Inc. v. Accountants, Inc. Services*, *supra*, 153 Cal.App.4th at p. 1320.) However, the issue presented here—whether the discovery rule can be applied to delay the accrual of an action under section 21167(d)—is a question of law that we review de novo. (See *International Engine Parts v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [where relevant facts undisputed, "the application of the statute of limitations may be decided as a question of law"].)

And where, as here, the trial court dismisses an action and denies leave to amend, " 'we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.' " (*May v. City of Milpitas*, *supra*, 217 Cal.App.4th at p. 1324.) "The burden is on the plaintiff to show in what manner the pleading could be amended and how the amendment would change the legal effect of the pleading." (*Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861.)

6

**B.** *The Trial Court Properly Dismissed the Action Without Leave to Amend Because the Discovery Rule Does Not Postpone the Running of the Limitations Periods Under Section 21167(d).*

In arguing that the discovery rule should be applied to delay the triggering of the limitations periods under section 21167(d), CBE focuses on *Concerned Citizens of Costa Mesa, Inc. v. 32nd Dist. Agricultural Assn.* (1986) 42 Cal.3d 929 (*Concerned Citizens*). CBE characterizes this decision as "carv[ing] out an exception to [CEQA]'s strict deadlines when there are subsequent revisions to a project that substantially change the scope of the project and its potential impacts." We conclude that the discovery rule cannot be applied to postpone the running of section 21167(d)'s limitations periods.

In *Concerned Citizens*, the plaintiffs brought suit to challenge a public agency's failure to file a supplemental EIR after substantial changes were made to the project, an amphitheater. (*Concerned Citizens*, *supra*, 42 Cal.3d at pp. 933-934.) The theater was originally slated to be on 6 acres, have 5,000 fixed seats and additional seating on a lawn, and face away from residential areas, but the agency then authorized an increase in size to 10 acres, an increase to 7,000 fixed seats with 8,000 more seats on the lawn, and a move to face a residential area. (*Ibid.*) Under CEQA, a suit "alleging that a public agency is carrying out or has approved a project that may have a significant effect on the environment without having determined whether the project may have a significant effect on the environment" must be filed, at the latest, within 180 days of "the date of commencement of the project." (§ 21167, subd. (a).) But the plaintiffs in *Concerned Citizens* filed suit more than 180 days after construction began.

In allowing the suit to proceed, our state Supreme Court determined that although the action would be barred if section 21167, subdivision (a) was "applied literally," it was more consistent with CEQA's purpose to interpret "commencement of the project" to mean the commencement of "the project described in the EIR and approved by the agency." (*Concerned Citizens*, *supra*, 42 Cal.3d at pp. 937, 939.) The plaintiffs "alleged that they did not know of the changes made in the project . . ., and could not with reasonable diligence have discovered them, within 180 days from the time construction

7

of the theater commenced because the [agency] did not make the changes public and did not give notice that it had determined that these changes did not require a subsequent EIR, if such a determination was in fact made. Thus, when construction began, plaintiffs expected the project approved by the [agency] to be the same one analyzed in the EIR, and they had neither actual nor constructive notice to the contrary" until the first concert was held. (*Id.* at pp. 933, 937.) The court determined that under these circumstances, "an action challenging the agency's noncompliance with CEQA may be filed within 180 days of the time the plaintiff knew or reasonably should have known that the project under way differs substantially from the one described in the EIR" and that the plaintiffs' suit therefore should not have been dismissed on statute-of-limitations grounds. (*Id.* at pp. 939-940.) Thus, under the court's interpretation, the action did not accrue under section 21167, subdivision (a)'s own terms because the project described in the EIR was never constructed. (*Concerned Citizens*, at p. 939.)

CBE does not argue that the action here was timely under section 21167(d) based on a substantial change in the project like that in *Concerned Citizens*, *supra*, 42 Cal.3d 929. Stated another way, CBE does not contend that it filed this suit within 180 days of either the date of a "formal decision" by BAAQMD "to carry out or approve the project" or "the date of commencement of the project" (§ 21167(d)) based on an argument that the "project" substantially changed as a result of the imposition of the modified conditions. Indeed, in attempting to analogize to *Concerned Citizens*, CBE characterizes the relevant change in the "project" as being the switch from ethanol to crude oil, not the modification of conditions. Therefore, we need not resolve the parties' disputes about which, if any, of BAAQMD's actions constituted a "formal decision" about the "project" nor determine when "the commencement of the project" occurred, because CBE does not argue that the action was timely under section 21167(d) itself.

Instead, CBE relies on *Concerned Citizens*, *supra*, 42 Cal.3d 929 to urge that the discovery rule can be applied to delay the date of the action's accrual from one of the dates specified in section 21167(d) to the date that CBE "gained actual knowledge of crude oil arriving at Kinder Morgan's rail terminal" because the public had no way of

8

knowing about the project any earlier.[5]  But in *Concerned Citizens*, our state Supreme Court specifically rejected "as contrary to the Legislature's intent" the plaintiffs' position "that their action was timely because it was filed a few days before the expiration of 180 days after the first concert was held at the theater"—that is, that the action accrued when the plaintiffs first had actual or constructive notice that the original project had changed substantially, as opposed to on one of the dates specified by statute.  (*Concerned Citizens*, at p. 939.)  As the court explained, "By providing . . . that the 180-day limitation period begins to run from the time a project is commenced, the Legislature determined that the initiation of the project provides constructive notice of a possible failure to comply with CEQA[.]"  (*Ibid.*)  Thus, *Concerned Citizens* did not apply the discovery rule to postpone the triggering of the limitations period, contrary to CBE's repeated claims that it did.  Instead, the court determined that an action accrues on the date a plaintiff knew or reasonably should have known of the project only if no statutory triggering date has occurred.

The other decision upon which CBE primarily relies also did not apply the discovery rule to override the statutory triggering date.  In *Ventura Foothill Neighbors v. County of Ventura* (2014) 232 Cal.App.4th 429, the EIR for a building's construction specified that the building would be 75 feet tall.  (*Id.* at pp. 431-432.)  Although the planned height was later increased to 90 feet, neither the notice of determination that the

---

[5] In light of CBE's phrasing, we emphasize that even if *Concerned Citizens*, *supra*, 42 Cal.3d 929 was otherwise applicable, "the test under *Concerned Citizens* is not confined to actual awareness of the challenged activities.  Rather, the relevant inquiry is when the plaintiffs 'knew or reasonably should have known that the project under way differs substantially' from the one described in the environmental review documents."  (*Citizens for a Green San Mateo v. San Mateo County Community College Dist.* (2014) 226 Cal.App.4th 1572, 1597.)  Similarly, the discovery rule postpones the triggering of the limitations period until the plaintiff has actual *or constructive* notice of an injury:  " 'A plaintiff is held to her [or his] actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her [or him].' "  (*Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1551.)  Any claim that an action does not accrue under section 21167(d) until a plaintiff has actual knowledge of a potential CEQA violation would be flatly inconsistent with both *Concerned Citizens* and the discovery rule.

9

project was subject to CEQA nor an addendum to the EIR mentioned the new height, and the plaintiff organization did not receive actual notice of the new height until one of its members inquired at the construction site. (*Id.* at pp. 432-433.) The Court of Appeal concluded that the action was timely even though section 21167, subdivision (e), the applicable provision, required actions to be filed within 30 days of the notice of determination's filing. (*Ventura*, at p. 436; § 21167, subd. (e).) The court reasoned that because " '[t]he filing of [a notice of determination] triggers a 30-day statute of limitations for all CEQA challenges to *the decision announced in the notice*,' " a notice of determination omitting the change in height did not trigger the limitations period. (*Ventura*, at p. 436, italics in original.) Instead, under *Concerned Citizens*, *supra*, 42 Cal.3d 929, the limitations period began to run once the plaintiff knew of the height difference. (*Ventura*, at pp. 436-437.) Thus, as did *Concerned Citizens*, *Ventura* preserved the Legislature's intent because it interpreted the statute in such a way that the statutory triggering date never actually transpired.

Subsequent case law confirms a more general principle suggested by *Concerned Citizens*, *supra*, 42 Cal.3d 929 and conceded by CBE at oral argument: a plaintiff is deemed to have constructive notice of a potential CEQA violation on all three alternative dates of accrual under section 21167(d). In a later decision analyzing that provision, our state Supreme Court addressed whether an action was timely despite being brought more than 35 days after the public agency filed an NOE. (*Stockton Citizens for Sensible Planning v. City of Stockton*, *supra*, 48 Cal.4th at p. 489.) The court observed, "The express statutory language of section 21167(d)—the most reliable indicator of the Legislature's intent [citation]—strongly confirms that litigation challenging the validity of an agency's determination to allow a project to proceed under a CEQA exemption must be timely[.]" (*Stockton Citizens*, at p. 502, italics omitted.) "[T]he shortest applicable period of timeliness is measured from the date on which an NOE setting forth that determination is filed," but when no NOE is filed, "the limitations period is longer, and its commencement may be delayed until the public has received constructive notice of the action by other means": that is, through a formal decision to approve the project or

10

the project's commencement.  (*Ibid.*; see also *Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 47 [where no public notice filed, "project approval or initiation is deemed constructive notice for potential CEQA claims"].)  As CBE has offered no theory under which either of those events occurred less than 180 days before the lawsuit was filed, we must assume that it cannot amend its petition and complaint to allege that it lacked any actual *or constructive* notice in that timeframe.  Therefore, applying the discovery rule here would not postpone accrual of the action.

Given the important role of public participation in the CEQA process (*Concerned Citizens*, *supra*, 42 Cal.3d at pp. 935-936), we acknowledge that if there were any situation in which it would be warranted to delay the triggering of a limitations period in the manner CBE urges, it would be one in which no public notice of the project was given and the project's commencement was not readily apparent to the public.  As the case law establishes, however, we cannot read an exception for such circumstances into section 21167(d) without violating "the Legislature's clear determination that ' "the public interest is not served unless CEQA challenges are promptly filed and diligently prosecuted." ' " (*Stockton Citizens for Sensible Planning v. City of Stockton*, *supra*, 48 Cal.4th at p. 500.)  Ultimately, CBE's arguments about the proper balance between the interests of public participation and of timely litigation are better directed to the Legislature, not this court.

### III.
### DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Dondero, J.

*Communities for a Better Environment v. Bay Area Air Quality Management District* (A143634)

12

Trial Court:                                                San Francisco County Superior Court

Trial Judge:                                                Honorable Peter J. Busch

Counsel for Appellants:                          Kristen L. Boyles and Stacey P. Geis
                                                               Earthjustice

Counsel for Respondent                         Brian C. Bunger
Bay Area Air Quality Management
District:

Counsel for  Real Parties in Interest and    Paul D. Fogel, John L. Smith, and Brian A.
Respondents Kinder Morgan Material           Sutherland
Services and Kinder Morgan Energy             Reed Smith
Partners:

Counsel for Intervener and Respondent       Craig J. de Recat and Benjamin G. Shatz
Tesoro Refining & Marketing Company:        Manatt, Phelps & Phillips